## Case No. 1,012.

### In re BARNES.

[1 Lowell, 560.] [1]

District Court, D. Massachusetts. March Term, 1871.

BANKRUPTCY —POWER OF ATTORNEY — ACKNOWLEDGMENT—PROOF—ACT MARCH 2, 1867, § 22.

1. A power of attorney to prove a debt in bankruptcy need not be acknowledged though drawn according to form twenty-six.

2. A creditor cannot prove by an attorney testifying upon information and belief, unless the creditor is prevented from giving the affidavit as provided by section 22 [of the act of March 2, 1867; 14 Stat. 527.]

[Cited in Re Watrous, Case No. 17,270.]

[In bankruptcy. In the matter of H. F. Barnes. On the register's certificate.]

LOWELL, District Judge. I understand two questions to be certified: 1. Whether a power of attorney drawn up according to form No. 26, of the general orders in bankruptcy, must be acknowledged? 2. Whether under such a power the attorney may make oath to the deposition in proof of his principal's debt, without showing that the cred-

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

itor is absent from the United States, or prevented by some other good cause from testifying? I answer both questions in the negative. 1. I know of no law which requires powers of attorney of this sort to be acknowledged, and I can see no possible reason why any such law should ever be passed. It is true that form 26 of a letter of attorney to represent a creditor has a foot-note to the effect that it may be acknowledged before a judge, &c., but I suppose the supreme court would have prescribed some rule upon the subject if they had intended to make such action obligatory. In the form No. 14, which would have been sufficient for the purposes of this case, there is no such foot-note, and it has been decided that no acknowledgment is necessary where that form is used: In re Powell, [Case No. 11,354.] I understand that the forms are largely advisory; and duly executed writing which expresses the essential fact of the appointment of the attorney and the powers confided to him must be respected by the judge or register. Whether the foot-note in question was ordered by the supreme court to be appended to the form I do not know, but if it was, it must have been in anticipation that some question of acknowledgment might arise under the municipal law of some particular state, and it is therefore pointed out that in case of acknowledgment it may be before certain officers named. Section 23 of the act [of March 2, 1867; 14 Stat. 528] provides that any creditor may act at all meetings by his duly accredited attorney, and I cannot believe that the foot-note to form 26 is a rule that the letter appointing such an attorney must be acknowledged, nor even that it must be a deed.

The other question must also be answered in the negative. Section 23, just cited, refers to acts by creditors who have proved their debts, or made the proper deposition to prove them, and provides that all such acts may be performed by attorney; but section 22 [March 2, 1867; 14 Stat. 527] shows when a debt may be sworn to by attorney; and that is when the creditor is absent from the United States, or is prevented by some other good cause from testifying. This cause need not be stated in the letter of attorney, but is to be proved to the satisfaction of the judge or register before whom the debt is offered for proof. If the attorney be acquainted with the facts of his own knowledge, it has been held that he may testify without proving the creditor is absent, &c.; but I am speaking of one who proposes to depose only upon information and belief. The law requires the oath of some person having knowledge, and the creditor himself is presumed to have it, and unless he is absent or in some way prevented from testifying, no one can do so for him, unless it be a person having actual knowledge.

Certificate accordingly to Mr. Conkey, the register.